IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDON FOX,

    Plaintiff,

    v.

FORT HAYS STATE UNIVERSITY,

    Defendant.

Case No. 6:24-cv-01074-HLT-ADM

## MEMORANDUM AND ORDER

Plaintiff Brendon Fox brings this race-based discrimination action pursuant to Title VII, § 1983, and § 1981. Plaintiff works for Defendant Fort Hays State University at a campus in China. He applied to transfer to a faculty position at Defendant's main campus in Kansas in November 2021. Defendant hired a White male instead. Plaintiff claims that Defendant acted with discriminatory motive, which is consistent with how Defendant treats its faculty who are people of color.

Defendant moves to dismiss. Doc. 12. Plaintiff's allegations are sparse. And Plaintiff's method of pleading does not clearly delineate his intended claim(s). But his allegations are sufficient to support a claim of discriminatory failure to promote. This is the only claim the Court discerns in Plaintiff's amended complaint. The Court denies Defendant's motion as to Plaintiff's November 2021 failure-to-promote claim under Title VII, § 1983, and § 1981.

I.   **BACKGROUND**[1]

The relevant allegations in Plaintiff's amended complaint are:

- Plaintiff is Black.

- Plaintiff accepted employment with Defendant's partnership program in China in 2015. He taught in the Leadership Studies program. In 2017, he took on additional responsibilities and served as de facto lead faculty member, serving as a problem-solver and administrator for the China program.

- There are many hardships of serving as a member of the China faculty, Plaintiff's opportunities are more limited, and he receives less pay than he would receive as a faculty member on Defendant's main campus in Hays, Kansas.

- Plaintiff has attempted to transfer to Defendant's main campus in Hays. Open positions on the main campus go to Caucasian faculty in China and not to individuals of color. Plaintiff is aware of other faculty who are individuals of color who have unsuccessfully applied for lateral positions on the main campus.

- Plaintiff alleges on information and belief that there have been at least three instances of foreign faculty members transferring to the main campus. None were individuals of color.

- Plaintiff is aware of four individuals of color "who have applied for or expressed a desire to work at the main campus but were denied." Doc. 10 at 5 ¶ 14.

- A higher percentage of individuals of color are "relegated" to working overseas.

- Plaintiff applied for an Assistant Professor of Leadership Studies position in November 2021 on the main campus.

- Plaintiff was a "perfect fit" for the position. Nevertheless, Defendant did not interview him. "But for [Plaintiff's] race, he would have been hired for this job." *Id.* at 6 ¶ 19.

- Defendant filled the position with a White male recruited from out of state.

- Plaintiff was "as equally qualified, if not more so, than the [W]hite candidate [Defendant] hired." *Id.* at 6 ¶ 20.

- "On information and belief, there are only two African Americans who have full-time positions at [Defendant.] The University itself has found that [W]hite faculty are

---

[1] The Court as it must accepts as true the well pleaded facts in the operative complaint and makes reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But the Court need not accept legal conclusions. *Id.* And conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

overrepresented in teaching positions. This shows an intentionally biased pattern and practice." *Id.* at 10 ¶ 21.

## II.  STANDARD

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

## III.  ANALYSIS

The record is less than clear about the claim(s) that Plaintiff asserts and that Defendant seeks to dismiss. Plaintiff mentions Title VII, § 1981, and § 1983. Plaintiff alleges a general practice of discrimination along with a discrete instance of discrimination when Defendant didn't give him the Assistant Professor of Leadership Studies position in November 2021-February 2022. Defendant addresses only Title VII claims in its brief yet asks the Court to dismiss the whole case. The Court thus briefly discusses the scope of the amended complaint to clarify the case moving forward.

### A.  Scope of Claim(s).

Defendant characterizes Plaintiff's amended complaint as containing two claims: (1) race-based discrimination based on Defendant's "relegation of individuals of color, including [Plaintiff], to jobs in the China Faculty"; and (2) race-based failure to promote to an Assistant

Professor of Leadership Studies position in Hays, Kansas. Defendant argues that Plaintiff does not plausibly allege either claim and argues that the first claim is not exhausted.

Plaintiff does not correct Defendant's characterization of his amended complaint. But Plaintiff focuses on Defendant's failure to promote him to Assistant Professor of Leadership Studies and uses the allegations about Defendant's relegation of minority individuals to China in an effort to show that he has pleaded an inference of discrimination.

The Court views the complaint as asserting one claim: failure to promote in violation of Title VII, § 1981, and § 1983.[2] Plaintiff's allegations about a general pattern and practice of discrimination do not independently state a claim.[3] Plaintiff cannot bring an individual claim on behalf of others. And individuals may not bring "pattern-or-practice" claims. *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 632-33 (10th Cir. 2012), *abrogated on other grounds by Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024). Plaintiff seems to implicitly acknowledge this in his response brief. And limiting his claim to failure-to-promote is consistent with Plaintiff's administrative complaint. The Court therefore proceeds directly to whether Plaintiff has pleaded a plausible discrimination claim for failure to promote.

---

[2]  Defendant doesn't address Plaintiff's allegations under §§ 1981 and 1983 or explain how its exhaustion argument applies outside of the Title VII arena. Defendant also doesn't raise Eleventh Amendment immunity as a defense to claims under §§ 1981 and 1983. *See, e.g.*, *Fox v. Wichita State Univ.*, 489 F. Supp. 2d 1216, 1232 (D. Kan. 2007); *Brin v. Fort Hays State Univ.*, 101 F. Supp. 2d 1343, 1348 (D. Kan. 2000).

[3]  To the extent that Plaintiff intended to bring a claim for Defendant's general practice of "relegating" Plaintiff and other people of color to China, the amended complaint does not state a claim. He cannot bring a claim for the injuries of others. And Plaintiff initially accepted the position in China. There are no allegations that he was a member of the Kansas faculty first and then was sent to China. Neither does Plaintiff identify specific positions he applied for and was not selected (other than Plaintiff's application for the Assistant Professor position in November 2021). And to the extent this would be a Title VII claim, Plaintiff did not administratively exhaust it. It would behoove counsel to plead claims with more clarity in the future. It is inefficient and counterproductive to plead claims in a way that leaves defense counsel and the Court to speculate as to what claims are alleged.

**B.    Plausibility.**

Plaintiff claims that he applied for a position on Defendant's main campus in November 2021. Plaintiff learned that the position had been filled in February 2022. And Plaintiff alleges that he was the "perfect fit" for the position yet did not even receive an interview.

The elements for racial discrimination are the same, whether the plaintiff brings the case under §§ 1981 or 1983 or Title VII. *Carney v. City & Cnty. of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). Plaintiff was already employed by Defendant when he applied for the Assistant Professor position. His claim is thus one for failure to promote. *See, e.g.*, *Anderson v. Fort Hays State Univ.*, 2023 WL 2945859 (10th Cir. 2023). A plaintiff must plead facts supporting the following elements to plausibly allege a claim for failure to promote: (1) the plaintiff is in a protected class; (2) he applied for an available promotion and was qualified for it; and (3) the defendant rejected his application under circumstances that give rise to an inference of discrimination.[4] *Tabor v. Hilti*, 703 F.3d 1206, 1216 (10th Cir. 2013).

Plaintiff is Black (a protected class). He applied for the position on the main campus while working in China. He alleges facts plausibly suggesting that this position essentially would have been a promotion because China positions have many disadvantages to positions in the United States. He alleges facts about his teaching background that suggest he was qualified for the position. He alleges that he was rejected. And he makes several other allegations that may support an inference of discrimination at this stage.

Plaintiff's allegations are general and broad. Many are conclusory. But enough of them contain small kernels of fact to state a plausible claim. Plaintiff will need to shore up specific

---

[4]  The prima facie elements of a failure-to-promote claim are flexible, and the Tenth Circuit has articulated various iterations of the standard. *Mar v. City of Wichita, Kan.*, 2023 WL 6232410, at *2 n.4 (10th Cir. 2023). Plaintiff has adequately pleaded a claim under any version of the elements.

evidence to survive a summary-judgment motion after discovery. He is going need to be able to show that he <u>was</u> qualified for the position. And he will need to present <u>facts</u> justifying an inference of discrimination, such as evidence that he was as qualified or more qualified than the gentleman that Defendant hired. This may require acknowledgment of the other gentleman's qualifications, which Plaintiff has not yet done. But as alleged, his claim for failure to promote in November 2021-February 2022 is plausible. The case will proceed on this narrow discrimination claim under Title VII, § 1981 and § 1983.

**IV.   CONCLUSION**

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss (Doc. 12) is DENIED. But Plaintiff's claim is limited as set forth in this order.

IT IS SO ORDERED.

Dated: September 24, 2024           /s/ *Holly L. Teeter*
                                     HOLLY L. TEETER
                                     UNITED STATES DISTRICT JUDGE